UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SCHULLER, | ) | |
| Plaintiff, | ) | Case No. 15 C 3375 |
| v. | ) | |
| | ) | Judge John Robert Blakey |
| NICOR GAS CO., | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, appearing *pro se*, submitted to the Court a complaint for violation of constitutional rights [1]. He also filed an application for leave to proceed *in forma pauperis* [4]. The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while simultaneously preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Before authorizing a litigant to proceed in forma pauperis, the Court must make two determinations: first, the Court must determine that the litigant is unable to pay the $400 filing fee; and, second, the Court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(a), (e). The first determination is made through a review of the litigant's assets as stated in an affidavit submitted to the Court. The second is made by looking to the plaintiff's allegations.

Plaintiff clears the first hurdle: his application makes clear that he cannot afford to pay the filing fee. He has some savings and owns his home, but the home is in foreclosure and he has been unemployed since 2009. Plaintiff cannot clear the second hurdle, however.

Plaintiff's complaint is a form complaint for violation of constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1985. He alleges that, on April 6, 2015 at about 8:00 a.m., the defendant conspired together to violate one or more of his civil rights by refusing "to accept my promissory note as payment for service rendered and subsequently shut off my gas service." Complaint [1], ¶¶6-7.

Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, that is the case. Although plaintiff does not identify the specific statutes upon which he seeks to rely, it is clear that he cannot proceed under any of the statutes he has attempted to invoke (42 U.S.C. §§ 1983, 1985 and 1986).

Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights. As such, to state a claim for relief under § 1983, plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was visited upon him by a person acting under color of state law. *E.g., Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Although the Court is obligated to construe *pro se* pleadings liberally, *e.g., Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir.

2006), plaintiff's allegations do not give rise to a federal cause of action. First, plaintiff's allegations do not obviously implicate any constitutional or civil right. A promissory note, presented in the context alleged in the complaint, is more of an "I.O.U."; it is merely an acknowledgement of a debt and a promise to pay at some unspecified future time. A privately-held company's failure to accept this as a form of payment for services rendered would not appear to violate any federal right or statute. Plaintiff also fails to allege state action and does not allege that the unidentified individual with whom defendant allegedly conspired was at any time acting under color of state law. His allegations fail to state a claim under § 1983.

The only subsection of § 1985 that could conceivably apply is § 1985(3). That section requires a plaintiff to allege, among other things, that defendant intended to harm him out of racial or other class-based discriminatory animus. *General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 390 n.17 (1982); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Plaintiff makes no claim that defendant intentionally harmed him for reasons of racial or class-based hostility. Finally, because the complaint fails to state a § 1985(3) claim, it necessarily fails to state a claim under § 1986. *E.g., Grimes v. Smith*, 776 F.2d 1359, 1363 n.4 (7th Cir. 1985).

Accordingly, plaintiff's application for leave to proceed *in forma pauperis* is denied, and his complaint is dismissed.

Date: May 15, 2015                            ENTERED:

                                              _____
                                              John Robert Blakey
                                              United States District Judge